# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BELL FUELS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 1202 |
| | ) | |
| v. | ) | Judge Jorge Alonso |
| | ) | |
| THE PREMCOR REFINING GROUP, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendant for its alleged breach of service station leases (Counts I-IV) and for a declaration regarding defendant's lease-end obligations (Count V). The case is before the Court on plaintiff's motion for judgment on the pleadings as to Count V. For the reasons set forth below, the Court denies the motion.

## Facts

On March 5, 1996, plaintiff, as landlord, and defendant's predecessor in interest, CRM, as tenant, entered into leases for nine retail service station properties in Northern Illinois and a sublease for a tenth retail service station property. (Answer ¶¶ 1, 8-9.) On the same date, and in connection with the lease transactions, plaintiff sold certain equipment to CRM. (*See* Compl., Ex. L, Bill of Sale at 1.) The Bill of Sale states that "Purchaser and Seller agree that upon termination or expiration of the Leases, Purchaser will sell the Equipment back to Seller for One Dollar ($1.00)." (*Id.*)

The leases, which are virtually identical, expire on March 4, 2016. (Answer ¶ 32; *see* Compl. Exs. B-J, Leases § 2.2; *id.*, Ex. K Sublease § 2.) Each lease requires defendant "[to] keep the

Demised Premises, all improvements thereon and all of the Equipment and the Leased Personal Property in a clean and safe condition and in accordance and in compliance with all applicable laws during the Lease Term." (Answer ¶ 12; Compl., Exs. B-J, Leases § 9.2.) In addition, each lease states that:

> Upon the termination of this Lease whether by lapse of time or otherwise, Tenant will yield up the Demised Premises, all improvements thereon and all of the Equipment and the Leased Personal Property to Landlord, in the same condition and repair as existed as of the Commencement Date of this Lease . . . .

(Answer ¶ 15; Compl., Exs. B-J, Leases § 9.2.)

On July 23, 2003, the parties executed a Reaffirmation of Lease Obligations Agreement in which defendant acknowledged that it was the legal successor to CRM and "unconditionally reaffirm[ed] its obligations as a principal obligor" under the leases and sublease. (Answer ¶ 11; Compl., Ex. M, Reaffirmation Agreement ¶ 2.)

Plaintiff alleges that "[r]ecent drive-by examinations of various of the Leased Properties . . . has revealed that substantial repairs will be needed" to return them to the condition they were in at the start of the leases, an allegation defendant denies. (Compl. ¶ 35; Answer ¶ 35.) Plaintiff also alleges that:

> [Defendant] has denied that it must return the Leased Properties . . . to [plaintiff] "in the same condition and repair as existed as of the Commencement Date of this Lease" and incorrectly contends that each Lease contains an implied provision that the Leased Properties . . . shall be returned to [plaintiff] in a condition subject to twenty years of wear and tear.

(Compl. ¶ 36.) In response to this allegation, defendant "admits that it has disagreed with [plaintiff] regarding interpretation of certain provisions of the Leases" and "contends that it should not be responsible for ordinary wear and tear under the Leases." (Answer ¶ 36.)

Based on these allegations and answers, plaintiff seeks a declaration that defendant: (1) "is obligated at the conclusion of each of the Leases to return each of the Leased Properties, and their improvements and equipment, to [plaintiff] in the same condition that existed as of March 5, 1996; (2) "is obligated at lease-end to replace or repair all equipment at each of the leased Properties that has become worn out, damaged or destroyed"; (3) "is obligated at lease-end to sell back to [plaintiff] for one dollar ($1.00) all equipment specified in the Bill of Sale"; and (4) "is obligated to address and remediate any adverse environmental conditions at the Leased Properties which have come to be present since the inception of the Leases." (Compl., Prayer for Relief.)

### Discussion

When, as here, a party uses Rule 12(c) "to attempt to dispose of [a claim] on the basis of the underlying substantive merits[,]. . . . the appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993); *see N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (stating that "[t]he pleadings include the complaint, the answer, and any written instruments attached as exhibits").

As an initial matter, the pleadings do not establish that there is any controversy over three of the four issues on which plaintiff seeks declaratory relief: replacement of damaged equipment, the $1.00 equipment buy-back, and environmental clean up. Though the lease documents require defendant to make certain equipment repairs, remediate certain environmental conditions, and sell certain equipment back to plaintiff at lease end, the pleadings do not show that defendant has denied or repudiated these obligations. (*See* Answer ¶¶ 10, 12-14.) Thus, plaintiff has not stated a claim for

3

declaratory relief as to these lease provisions, let alone established that it is entitled to judgment on them. *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."); *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (holding that an "actual controversy," within the meaning of the Declaratory Judgment Act, exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment").

The pleadings establish that there is an actual controversy concerning plaintiff's last request for declaratory relief, *i.e.*, the meaning of the "same condition" lease provision. (*See* Compl ¶ 36; Answer ¶ 36.) Defendant contends, however, that the claim is not ripe for adjudication because the contested provision does not take effect until the leases end in March 2016. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quotations omitted). That is true, but defendant's assertion that it will not abide by plaintiff's interpretation of the provision at lease end makes the dispute ripe now. *See Asad v. Hartford Life Ins. Co.*, 116 F. Supp. 2d 960, 963 (N.D. Ill. 2000) (holding that contract claim is ripe when one party "manifests a definite intent prior to the time fixed in the contract that it will not render its performance under the contract when that time arrives") (quotation omitted).

In relevant part, the contested lease provision states:

> Upon the termination of this Lease whether by lapse of time or otherwise, Tenant will yield up the Demised Premises, all improvements thereon and all of the Equipment

> and the Leased Personal Property to Landlord, in the same condition and repair as existed as of the Commencement Date of this Lease . . . .

(*See* Compl., Exs. B-J, Leases § 9.2.) Plaintiff contends that the provision means just what it says, *i.e.*, at lease end, defendant must return the properties in exactly the same condition they were in when the leases began in 1996. It is impossible, however, for defendant to operate the leased properties as gas stations for twenty years, which is what the leases contemplate, and at the end of that period be able to return them to the "same" pre-lease condition. Thus, plaintiff's literal interpretation cannot be correct. *See Suburban Auto Rebuilders, Inc. v. Associated Tile Dealers Warehouse, Inc.*, 902 N.E.2d 1178, 1190 (Ill. App. Ct. 2009) (stating that contracts should be construed in "a natural and reasonable [way]" and "in accordance with the ordinary expectations of reasonable people . . . . to avoid absurd results"). Moreover, because the proper interpretation of this ambiguous provision is not evident from the pleadings, plaintiff's motion for judgment must be denied.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for judgment on the pleadings as to Count V [19].

**SO ORDERED.**                                    **ENTERED: June 5, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**